UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RAYMOND C. BISCHOFF                                        PLAINTIFF

v.                                    CIVIL ACTION NO. 3:11-CV-678-H

UNITED STATES et al.                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Raymond C. Bischoff, *pro se*, moves to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915(a)(1) in this case (DN 3).  The Court concludes that Plaintiff cannot without

undue hardship pay the fees or costs in this action.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion (DN 3) is **GRANTED**.

This matter must be screened pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be

dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff asserts as grounds for filing this complaint the Federal Tort Claims Act (FTCA),

Article VI and Amendments I, V, VII, XIV to the U.S. Constitution, and Kentucky constitutional

and state law provisions.  He alleges that the United States deprived him of his property at 5215

Bardstown Road, Louisville, Kentucky, and he references two case numbers, 2008-SC-000058

and 08-CI-06427.  He asserts:

> The United States (Defendant) by intentional and conspired
> tortious acts of fraud upon the court, in a matter of property over
> twenty dollars 2008-SC-000058-DG, deprived me of my rights and
> property.  I requested a jury trial for the compensation matter at the
> hearing for the taking; the Defendant filed for and proceeded with
> a bench trial forcing constructive fraud of just compensation of my
> property.  I have zero dollars for this taking.  By direct cause the
> Defendant caused me to suffer further intentional and conspired

> tortious acts of fraud upon the court depriving me of my rights and
> property, 08-CI-06427 a taking seizure by forced constructive of
> 5215 Bardstown Road, Louisville, Kentucky.

He requests monetary damages and a judgment restoring his ownership of the property.

## II. <u>ANALYSIS</u>

This Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v.*

*Wrigglesworth*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if

the Court determines that the action is "frivolous or malicious," fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis

either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff

has stated a claim upon which relief can be granted, the court must construe the complaint in a

light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v.*

*City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should

be dismissed for failure to state a claim upon which relief may be granted "only if it appears

beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would

entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,*

454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough

facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007).

2

Plaintiff has instigated a number of actions regarding the alleged taking of his property at 5215 Bardstown Road.  A review of these actions reveals that eminent domain proceedings were filed by the Louisville Metropolitan Sewer District to obtain permanent and temporary sewer easements across property owned by Plaintiff.  Nothing in those records show that the United States was in any way involved in the property dispute.

The case numbers Plaintiff refers to in his complaint in the instant action refer to state court cases.  There is a Kentucky Supreme Court case with the number 2006-SC-58, which became final in 2008.  The parties to that case were Plaintiff and the Louisville and Jefferson County Metropolitan Sewer District.  The Kentucky Supreme Court held that Mr. Bischoff had untimely served his demand for a jury trial and that the untimeliness constituted a waiver of his right to a jury trial.  The United States was not a party to that action.

A search of the Kentucky Court of Justice's website reveals that 08-CI-06427 refers to a Jefferson Circuit Court case brought by Plaintiff against Branch Banking And Trust Company. The United States was not a party to that action.

This is the sixth action Plaintiff has brought in this Court dealing with the eminent domain proceedings against his property at 5215 Bardstown Road:  *Bischoff v. Metropolitan Sewer District et al.*, 3:06-CV-540-H (Court dismissed because Court found no reason to take jurisdiction away from the ongoing state-court eminent domain procedures, which are particularly a feature of state law); *Bischoff v. Commonwealth of Kentucky*, 3:09-CV-00213-R, (Plaintiff sued Commonwealth alleging violations of his constitutional rights in the taking of his property); *Bischoff v. Commonwealth of Kentucky*, 3:09-CV-339-H (Plaintiff sued Commonwealth alleging violations of his constitutional rights, 18 U.S.C. § 242, and the

3

"Uniform Fraudulent Transfer Act" in the taking of his property); *Bischoff v. Judge Willett*, 3:09-CV-898-H (Plaintiff alleged that state-court Judge Willett did not have jurisdiction over a state-court case, *Branch Banking & Trust Co. v. Bischoff*, 08-CI-06427, and alleged that he was deprived of his property); and *Bischoff v. Branch Banking and Trust Co.*, 3:09-CV-949-S (Plaintiff alleged violations of the U.S. and Kentucky Constitutions by Defendant Bank, which disregarded his rights and property by falsifying information causing him to lose his property).

The Court is not required to accept Plaintiff's conclusory allegations that the United States deprived him of his property and violated his rights when it is known to this Court through the multitude of Plaintiff's prior filings that what he is referring to is a state condemnation proceeding which did not involve the United States.  *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Because this court sits to decide real cases, not abstract questions of law, and because an adequate understanding of a case is essential to our decision, we have examined the record in the state court in an effort to ascertain the facts."); *see also Taylor v. United States*, 161 F. App'x 483, 485 (6th Cir. 2005) (district court did not err in taking judicial notice of plaintiff's prior complaint); *Horton v. West*, No. 1:10cv154(TSE/JFA), 2011 WL 124602, at *4 n.5 (E.D. Va. Jan. 13, 2011) ("Judicial notice is particularly applicable to a court's own records of prior litigation which is closely related to the matter under consideration.").  It is clear that the United States was not a party to or otherwise involved in the state-court condemnation proceedings or litigation regarding Plaintiff's property at 5215 Bardstown Road.  It follows therefore that Plaintiff cannot state a claim against the United States under the FTCA, the U.S. or Kentucky Constitutions, or state law regarding the loss of his property.

4

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's complaint for failure to state a claim.

Date:

cc:     Plaintiff, *pro se*
        U.S. Attorney
4412.009